UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

GOLDEN INSURANCE COMPANY,

      Plaintiff,

 -v-                                         No. 17-CV-5390-LTS-BCM

PCF STATE RESTORATION, INC.,

      Defendant.

-------------------------------------------------------x

### MEMORANDUM ORDER

Plaintiff Golden Insurance Company ("Plaintiff" or "Golden") moves for a default judgment against Defendant PCF State Restoration, Inc. ("Defendant" or "PCF"), pursuant to Federal Rule of Civil Procedure 55(b)(2) and S.D.N.Y. Local Civil Rule 55.2(b), on claims arising from alleged misrepresentations made in connection with the procurement of an insurance policy issued by Golden.[1] (Docket Entry No. 146.) PCF has failed to appear through counsel in this action, despite being afforded ample time and opportunity to do so. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. The Court has reviewed Plaintiff's submissions carefully and, for the following reasons, Plaintiff's motion for default judgment is granted.

---

[1] This action also involves various counterclaims, some of which have now been dismissed. PCF asserted cross claims against The Robert C. Mangi Agency Inc. (docket entry no. 69 ¶¶ 114-144), which the Court dismissed for failure to prosecute on July 30, 2019 (docket entry no. 154). Intervenor Federal Insurance Company has asserted counterclaims against Golden. (Docket Entry No. 92 ¶¶ 116-129.) Federal Insurance Company's counterclaims remain pending.

BACKGROUND

The following recitation of facts is drawn from Plaintiff's Amended Complaint (docket entry no. 58, the "AC"), as well as uncontroverted documentary evidence submitted by Plaintiff in connection with the instant motion practice. Plaintiff Golden Insurance Company is a "risk retention group and liability insurance company" incorporated and principally headquartered in Nevada. (AC ¶ 1.) Defendant PCF State Restorations, Inc is a construction company incorporated and principally headquartered in New York. (AC ¶ 2.)

Insurance Policy

In July 2013, PCF applied to Golden for a liability insurance policy to cover certain construction work. (AC ¶ 6.) Among the work PCF sought to cover was a construction project located at 30 Christopher Street, a property owned by Elk 30 Christopher LLC ("Elk 30"). (AC ¶¶ 6, 38.) Unbeknownst to Golden, PCF's application contained several misrepresentations. PCF represented that its work would be limited to exterior masonry work when, at the time it applied for the policy, PCF had entered into a contract with Elk 30 for a roof replacement. (AC ¶¶ 8, 38.) PCF represented that it was operating only as a subcontractor, when the Elk 30 roofing contract specified that PCF was the general contractor. (AC ¶¶ 31, 42.) Similarly, PCF erected scaffolding at the 30 Christopher Street jobsite despite representing in its application that it would not erect scaffolding. (AC ¶ 21; Declaration of George J. Vogrin in Support of Motion for Default Judgment ("Vogrin Decl."), Docket Entry No. 147, Ex. O at 4-5.)

Relying on the above misrepresentations, Golden issued an insurance policy to PCF under policy number GIC1300683 (the "Golden Policy"), effective September 3, 2013, to September 4, 2014. (AC ¶ 34.) Golden's underwriting guidelines required employees to consider whether the insured would engage in roofing activities, operate as a general contractor,

or erect scaffolding when pricing insurance policies. (Vogrin Decl., Ex. CC at 85:15-19, 86:14-18, 101:4-102:3.) The Golden Policy was underpriced due to PCF's misrepresentations concerning the nature of its construction work and the scope of its undertakings on the 30 Christopher Street jobsite. After Golden became aware that PCF was operating as a general contractor on a roofing replacement project where it had erected scaffolding, PCF's insurance premium increased from $46,000 to $55,000, and again from $55,000 to $58,000. (Vogrin Decl., Ex. CC at 94:21-95:25, 103:22-106:6, 107:22-108:2.)

"Yamba Action"

On June 20, 2014, Angel Yamba, a PCF employee, was injured when he fell off scaffolding erected at the 30 Christopher Street jobsite. (AC ¶ 44.) Following his injury, Mr. Yamba sued Elk 30 in the Supreme Court of the State of New York, Bronx County, under index number 23165/2014E (hereinafter "the Yamba Action") for negligently maintaining unsafe work conditions. (Vogrin Decl., Ex. B.) Elk 30 then filed a third-party complaint against PCF in the same action. (Vogrin Decl., Ex. C.) Golden has provided for PCF's and Elk 30's defense in the Yamba Action.[2] (AC ¶¶ 48-49.) As of June 5, 2019, Golden has incurred legal fees and expenses in the Yamba Action in the amount of $146,963.21. (Poling Affidavit in Support of Motion for Default Judgment, Docket Entry No. 149, ¶ 3.)

Procedural History

On February 28, 2019, counsel for PCF, Martin C. Chow and Michael F. Mongelli II, P.C., moved to withdraw from the representation. (Docket Entry No. 120.) On March 13, 2019, Magistrate Judge Moses granted the motion and directed PCF to "promptly

---

[2] Golden shares the cost of Elk 30's defense with Intervenor Federal Insurance Company. (AC ¶ 49.)

retain new counsel, who shall file a notice of appearance no later than April 12, 2019," as PCF, a non-natural person, "must defend the claims against it . . . through counsel." (Docket Entry No. 128 at 2.) A copy of Judge Moses's March 13, 2019, Order was mailed to PCF. To date, PCF has failed to appear through new counsel.

On May 14, 2019, the Clerk of Court issued a certificate of default as to PCF. (Docket Entry No. 140.) On July 3, 2019, Golden moved for default judgment against PCF. (Docket Entry No. 146.) Golden served its motion on PCF the same day. (Docket Entry No. 151.)

DISCUSSION

In determining whether to grant a motion for default judgment, courts within this district engage in a two-step inquiry. First, courts consider whether default should be entered by evaluating three factors: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07 Civ. 6865 (LTS) (GWG), 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (citation omitted); see also Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of lower court grant of a default judgment).

Here, the Court finds that the balance of these factors weighs in Plaintiff's favor. PCF's failure to appear in this action through new counsel, despite having ample opportunity and clear direction from the Court to do so, is indicative of willful conduct. See Indymac, 2007 WL 4468652, at *1 (holding that non-appearance and failure to respond to a complaint or motion for default judgment indicate willful conduct). Moreover, while PCF has answered Plaintiff's

Amended Complaint, it has failed to "present evidence of facts that, if proven at trial, would constitute a complete defense." S.E.C. v. McNulty, 137 F.3d 732, 740 (2d Cir. 1998) (internal quotation marks omitted). Instead, PCF has proffered only conclusory denials and threadbare affirmative defenses in response to the Amended Complaint. PCF has not introduced any evidence to defend the claims brought against it; to the contrary, PCF has lost much of the documentary evidence relevant to this action and has refused to produce any witnesses for deposition. (Vogrin Decl., Exs. M and N.) Finally, the Court finds that Plaintiff will be prejudiced and left with no alternative recourse if it is denied the ability to seek judgment by default. If default is not entered, Golden will be forced to continue incurring costs in both this and the Yamba Action.

Turning to the second step, this Court must next determine "whether the allegations in Plaintiff's Complaint are sufficiently pleaded to establish [PCF's] liability." Lenard v. Design Studio, 889 F. Supp. 2d 518, 528 (S.D.N.Y. 2012). Here, Golden seeks rescission of the Golden Policy. In order to establish the right to rescind an insurance policy under New York law, an insurer must demonstrate that the insured made a material misrepresentation. Vt. Mut. Ins. Co. v. Moslem, No. 07-CV-7962 (SAS), 2011 WL 2893627, at *2 (S.D.N.Y. July 14, 2011). "A misrepresentation is material if 'knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract.'" Berger v. Manhattan Life Ins. Co., 805 F. Supp. 1097, 1102 (S.D.N.Y. 1992) (citing N.Y. Ins. Law § 3105(b)). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, that show that it would not have issued the same policy if the correct information had been disclosed in the application." Vt. Mut. Ins. Co., 2011 WL

2893627, at *2; see also Carpinone v. Mut. of Omaha Ins. Co., 697 N.Y.S.2d 381, 383 (3d Dep't 1999) ("[t]he insurer's proof must establish that it would not have issued the same policies if the correct information had been disclosed in the applications").

Golden asserts that "had [it] known of the true facts[,] it would not have issued the Golden Policy." (AC at ¶ 52[3].) In applying for the Golden Policy, PCF made several misrepresentations: that (i) PCF was an "exterior masonry contractor" (AC, Ex. D at 1), (ii) PCF was operating entirely as a subcontractor (AC, Ex. E), and (iii) PCF would not erect scaffolding (AC, Ex. D at 2). In reality, (i) PCF was engaged in roofing system replacement work for Elk 30 (Vogrin Decl., Ex. X at 1), (ii) PCF operated as a general contractor (Vogrin Decl., Ex. O at 6), and (iii) PCF erected scaffolding and a sidewalk bridge at the 30 Christopher Street roofing project (id. at 4-5). Golden testified through a corporate representative that the nature of construction and the insured's role in overseeing the project were pricing considerations mandated by Golden's underwriting policies. Indeed, PCF's insurance premium increased after Golden became aware that PCF was working as a general contractor on a roofing project where it had erected scaffolding. (Vogrin Decl., Ex. CC at 94:21-95:25, 103:22-106:6, 107:22-108:2.) Thus, the Court concludes that the allegations of the Amended Complaint, which are deemed admitted, along with Golden's uncontroverted evidentiary proffers, are sufficient to demonstrate that PCF made material misrepresentations in applying for the Golden Policy. As a result, Golden is entitled to rescission of the Golden Policy, and Plaintiff's motion for default judgment is granted.

---

[3] On page 12 of Plaintiff's Amended Complaint, the paragraphs inexplicably begin renumbering at paragraph 51. This citation to paragraph 52 refers to the paragraph "52" appearing on page 12 of the Amended Complaint.

CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment as against PCF is granted. The Court hereby declares that (i) the Golden Policy has been rescinded and is void <u>ab</u> <u>initio</u>; (ii) Golden has no further duty to defend or indemnify any person, company or other entity claiming coverage under the Golden Policy in the Yamba Action or any other future actions; (iii) Golden is entitled to recover from PCF in the amount of the legal fees and expenses incurred by Golden in the Yamba Action (amounting to $146,963.21); and (iv) in lieu of returning the sums paid to Golden in connection with the insurance premiums for the Golden Policy (amounting to $46,000), that amount may be deducted from the legal fees and expenses incurred by Golden in the Yamba Action, resulting in a net recovery of $100,963.21 in favor of Golden against PCF.

This case remains referred to Magistrate Judge Moses for general pretrial management.

This Memorandum Order resolves docket entry no. 146.

SO ORDERED.

Dated: New York, New York
February 11, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge